UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID J. ZAPPA,<br><br>Defendant. | No. 2:15-cr-0184-GEB<br><br><br><br>ORDER AFTER HEARING |

This matter was before the court for further hearing on defendant's motion for production of a law enforcement investigative software tool know as Torrential Downpour. The tool was used to detect the sharing of child pornography from the defendant's computer. Mira Chernick and Matthew Morris, Assistant U.S. Attorneys, appeared on behalf of the United States. Timothy Zindel appeared on behalf of the defendant.

The court previously ordered that the government provide a live demonstration of the software for a defense expert who had articulated the belief that Torrential Downpour may have exploited a vulnerability in the file sharing software defendant was using (i.e. Vuze) which caused files not intended for sharing to be distributed. Defense counsel represented at the hearing that, after the live demonstration, the defense is no longer pursuing that theory. Nonetheless, the defense still seeks production of the Torrential Downpour program. For the reasons stated on the record, defendant's motion is denied.

As discussed at the hearing, the defendant has not demonstrated that production of the Torrential Downpour software is material to his defense. *Unites States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990). Defendant argues that, for a period of two or three days, Torrential Downpour was used to continually monitor his computer file sharing activity from or with his Vuze file sharing program. He contemplates filing a motion to suppress predicated on the legal theory that the focused monitoring of his computer over that period of time is akin to the warrantless collection of cell phone location information. ECF No. 118 at 5 (citing *Carpenter v. United States,* 138 S. Ct. 2206 (2018)). That legal argument can be readily presented without production of the software in question, however. The fact that Torrential Downpour focused on defendant's computer for that time period to observe whether child pornography files were being shared is not contested. And the broader question of whether defendant's reasonable expectation of privacy is defeated by his use of file sharing software does not turn on the specifics of the Torrential Downpour tool. For that reason and the reasons addressed at the hearing, the defendant has not demonstrated specific facts establishing that the production of the Torrential Downpour software is material to his contemplated motion. In assessing defendant's discovery motion the court has weighed the defense's limited need for the tool, the obvious sensitivity of the tool as an instrument of law enforcement, and significantly, the defendant's failure to demonstrate specific facts beyond speculation establishing the tool's materiality. Accordingly, defendant's motion (ECF No. 98) is denied.

DATED: July 16, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE